GERTRUDE GOROD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gorod v. Commissioner
Docket Nos. 17857-82, 10275-83.
United States Tax Court
T.C. Memo 1985-23; 1985 Tax Ct. Memo LEXIS 608; 49 T.C.M. (CCH) 526; T.C.M. (RIA) 85023; January 14, 1985. *608 Held, rental and depreciation deductions denied. Held further, employee business and medical expenses determined. Held further, casualty loss deduction denied. Held further, G is liable for the addition to tax for negligence or intentional disregard of rules and regulations under section 6653(a), I.R.C. 1954. Gertrude Gorod, pro se. Marvis A. Knospe, for the respondent. NIMS MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: In these consolidated cases, respondent determined the following deficiencies in and addition to petitioner's Federal income taxes: Addition to Tax
Year
Deficiency
[1] Section 6653(a) 1979
$410
1980
3,423
$171.15
1981
2,965
At trial, respondent conceded the entire deficiency in tax for the 1979 taxable year. After additional concessions, the following issues remain for decision: (1) whether petitioner is entitled to deduct depreciation and rental expenses of $5,553.83 and $4,864.62 in 1980 and 1981, respectively; (2) whether petitioner is entitled to deduct employee business *609 expenses of $6,612.91 and $6,266.11 in 1980 and 1981, respectively; (3) whether petitioner is entitled to deduct medical expenses of $2,439.19 and $1,475.59 in 1980 and 1981, respectively; (4) whether petitioner is entitled to a casualty loss deduction of $1,869.81 in 1981; and (5) whether petitioner is liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. For convenience, we have combined our findings of fact and opinion with respect to each issue. Petitioner resided in Malden, Massachusetts, at the time her petitions were filed in these cases. Issue 1. Depreciation and Rental Expenses
In 1968, petitioner constructed a two-story apartment duplex in Malden, Massachusetts. Petitioner has lived in the upper unit and used the basement of the building for storage since 1968. The lower unit of the duplex has remained vacant from the time petitioner first occupied the building through the taxable years at issue. Consequently, petitioner has never received rental income from the first-floor apartment. On her 1980 and 1981 Federal income tax returns, petitioner deducted the following depreciation and rental expenses attributable *610 to the lower unit of the duplex: 1980
1981
Depreciation
$1,500.00
$1,500.00
Other Rental
Expenses: Taxes
$1,373.35
$1,149.50
Water
18.15
32.09
Electricity &
Heating
1,237.91
1,140.50
Landscaping
243.15
286.07
Insurance
168.00
154.00
Painting
798.02
Carpentry
215.25
Repairs
602.46
Total, Other
Rental Expenses
$4,053.83
$3,364.62
TOTAL, Depreciation and Other
Rental Expenses
$5,553.83
$4,864.62
Respondent argues that the entire depreciation and rental expense deductions should be disallowed because petitioner was not engaged in the rental activity for profit under either section 162(a) or section 212. Alternatively, respondent contends that petitioner has failed to substantiate the rental deductions. Although petitioner argues that one-half of her duplex was income property, we agree with respondent that petitioner's "rental" activity was not engaged in for profit. Consequently, we need not consider respondent's alternative position that the amounts claimed were not substantiated. Petitioner's depreciation and rental expenses are deductible under sections 162(a) [2], 167(a) or 212 [3] only if her rental of the lower unit of the duplex constituted an activity engaged in for profit. Section 183(a); [4] *612 Estate of Baron v. Commissioner,83 T.C. 542 (1984).Section *611 167(a) allows "as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear * * * of property used in [a] trade or business" or "property held for the production of income." The trade or business and production of income requirements under section 167 are the same as those under sections 162 and 212. Lemmen v. Commissioner,77 T.C. 1326, 1340 n.16 (1981). Whether an activity is engaged in for profit turns on whether the taxpayer has a bona fide objective of making a profit. Dreicer v. Commissioner,78 T.C. 642 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); Engdahl v. Commissioner,72 T.C. 659, 666 (1979). Petitioner's objective is a question of fact to be determined from all the facts and circumstances. Section 1.183-2(b), Income Tax Regs.; Allen v. Commissioner,72 T.C. 28, 34 (1979). After careful consideration of the record in this case, we conclude that petitioner's use (or lack thereof) of the first-floor apartment was not an activity engaged in for profit. We initially note that the lower unit has remained vacant from the time petitioner first occupied the building in 1968. Consequently, petitioner has received no rental income over a period of 13 years. See Hudson v. Commissioner,T.C. Memo. 1981-175 (rental property vacant for over five years can no longer be considered as being held for profit-making purposes). Moreover, at trial petitioner introduced into evidence photographs showing that during the taxable years at issue all of the windows and doors *613 to the first floor of the building had been boarded up. Petitioner testified that the photographs showed "why nobody would want to take the apartment." Petitioner's testimony that the apartment was, in effect, uninhabitable, requires us to conclude that her rental activity was not conducted with the requisite profit-making objective. Petitioner nonetheless testified that she placed ads for the apartment in the newspaper and on bulletin boards in grocery stores. Petitioner, however, failed to offer into evidence either the ads or the receipts for the expenses of advertising. In addition, no expenses for advertising were deducted on her income tax returns. Consequently, we are unpersuaded that petitioner actually advertised the apartment, especially in light of her testimony that no one would want to rent the apartment in its boarded up condition. We recognize that in a prior case concerning petitioner's Federal income taxes for 1976 and 1978, we found that petitioner held the first-floor apartment for the production of income under section 212. Gorod v. Commissioner,T.C. Memo. 1981-632, affd. on this issues by unpublished order (1st Cir. 1982) (No. 82-1284). During the 1976 *614 and 1978 taxable years, however, the apartment was not boarded up and thus was then habitable, unlike the situation during the taxable years at issue here. We note that regardless of our holding on the profit motive issue, petitioner is entitled to certain deductions not dependent upon a profit motive; e.g., interest and taxes. Brannen v. Commissioner,78 T.C. 471, 499-500 (1982), affd. 722 F.2d 695 (11th Cir. 1984). On her 1980 and 1981 returns, petitioner claimed real estate tax deductions as follows: 1980
1981
Schedule A - taxes (1/2)
$1,373.35
$1,149.50
Schedule E -
Rental expenses (1/2)
1,373.35
1,149.50
Respondent disallowed, for lack of substantiation, that half of the real estate taxes for each year which petitioner claimed as business expense deductions, but allowed in each year the remaining half which petitioner claimed under section 164. [5] *615 Since petitioner could have claimed the entire amount of her real estate taxes in each year under section 164, and since respondent has not required petitioner to substantiate the amounts petitioner deducted under that section, we allow under section 164 the amounts of taxes petitioner claimed as business deductions in 1980 and 1981. However, since petitioner received no income from the first floor apartment in 1980 and 1981, no deductions otherwise dependent on a profit motive are allowable under section 183(b)(2). See Brannen v. Commissioner,supra at 499-500. Issue 2. Employee Business Expenses
Petitionr was employed by the State of Massachusetts during the taxable years at issue as a disputed claims adjuster for the Division of Employment Security. Petitioner's duties primarily consisted of travel to the local employment service offices located throughout Massachusetts to evaluate decisions made by local claims adjudicators. Petitioner was reimbursed by her employer for her travel at a rate of $ .12 per mile. The reimbursement was based on the distance *616 from the Boston office to the local office to which petitioner was assigned on a particular day. On her 1980 and 1981 Federal income tax returns, petitioner deducted the following as unreimbursed employee business expenses: 1980
1981
Gasoline, oil, lubrication
$1,741.51
$3,292.80
Repairs
141.61
382.81
Tires, supplies, etc.
385.67
346.09
Other: Insurance
602.50
745.75
Taxes
792.35
195.35
Tags and licenses
20.00
48.00
Interest
703.22
703.22
Miscellaneous
206.05
Parking fees and Tolls
395.95
659.00
Depreciation
2,571.67
2,571.67
TOTAL
$7,560.53
$8,944.69
Less Reimbursement
947.62
2,678.58
TOTAL
$6,612.91
$6,266.11
Respondent argues that the claimed deductions should be disallowed because petitioner has neither substantiated the expenses nor shown that they are ordinary and necessary business expenses under section 162. Petitioner contends that her testimony and the documents submitted by her at trial adequately substantiate the claimed deductions and that the expenses were incurred exclusively for business purposes. We find it unnecessary, however, to decide the issue of whether petitioner's claimed expenses are deductible under section 162(a) because we hold that petitioner has failed to substantiate the amounts deducted. *617 At trial, petitioner introduced into evidence handwritten summaries of the amounts purportedly expended by her for the following automobile expenses: gasoline, oil, lubrication, etc. (1980 and 1981), repairs (1980), tires, supplies, etc. (1980), miscellaneous expenses (1980) and parking fees and tolls (1980 and 1981). Petitioner testified that she kept the summary sheets in a briefcase in the trunk of her car and wrote down the amounts shown shortly after each expenditure. We find the summary sheets submitted by petitioner to be inadequate substantiation of the claimed deductions. Petitioner's testimony that each expenditure listed was contemporaneously entered onto a summary sheet is unconvincing because the summary sheets merely consist of neatly printed columns of numbers on relatively fresh, unhandled sheets of paper. [6] *618 The figures on the summary sheets thus appear to have been entered simultaneously rather than separately throughout the course of a year. Moreover, petitioner failed to offer into evidence any receipts to corroborate the undated figures. Consequently, the claimed deductions for the amounts shown on the summary sheets are disallowed. In support of her deduction of $745.75 for insurance expense in 1981, petitioner offered into evidence a copy of her car insurance policy. Petitioner failed, however, to provide any evidence, such as a receipt or cancelled check, that the amount shown on the policy (which differed from the amount she deducted) was actually paid in 1981. The insurance expense deduction for 1981 is therefore denied. With respect to the depreciation deduction, petitioner listed on her 1980 return that she acquired an "Olds Wagon" on January 3, 1980, for $7,740. After estimating a three-year useful life and a $25.00 salvage value for the car, petitioner used the straight-line method of depreciation to compute a depreciation deduction of $2,571.67 for 1980. The same amount was deducted for depreciation in 1981. We must deny petitioner's depreciation deduction because of her failure to substantiate the purchase of the automobile, and also because she has failed to prove that the car was used exclusively for business so as to justify her claim that the entire cost of the car could be written off in the manner claimed. The only evidence offered *619 by petitioner in support of her purchase of the automobile was a photocopy of a check dated February 13, 1980, payable jointly to her and Time Oldsmobile in the amount of $6,100. Petitioner testified that the check represented a loan from the bank for the purchase of the car. Petitioner further testified, however, that she did not have a receipt for the purchase. We find the check to be inadequate substantiation of the purchase price of the car. Petitioner provided no explanation for the difference between the amount of the check, $6,100, and the purchase price of $7,740 reported on her income tax return. In addition, while the check is dated February 13, 1980, petitioner listed January 3, 1980, as the date she acquired the car. Petitioner offered no evidence that the car was used exclusively for business, and not for personal use, including commutation. Since petitioner has failed to substantiate the purchase of the automobile, or that the use of the car was restricted to business use, the related depreciation deductions in 1980 and 1981 are denied. With respect to the remaining items deducted by petitioner as unreimbursed employee business expenses in 1980 and 1981, petitioner *620 failed to submit any evidence to substantiate the claimed expenses. Since petitioner has not carried her required burden of proof, her deduction of these expenses is denied. Rule 142(a). Issue 3. Medical Expenses
On her 1980 and 1981 Federal income tax returns, petitioner deducted medical expenses of $2,439.19 and $1,475.59, respectively. [7] Respondent argues that except for $933.66 of medical expenses incurred in 1980 which petitioner substantiated, the medical expense deductions should be disallowed because of petitioner's failure to substantiate the claimed deductions. Since petitioner introduced no evidence to substantiate the remaining medical expenses at issue, her deduction of those expenses is denied. Rule 142(a). Issue 4. Casualty *621 Loss
On her 1981 income tax return, petitioner deducted a casualty loss [8] of $1,869.81 for "damage to dwelling." Petitioner testified at trial that the alleged casualty loss resulted from water damage to various pieces of furniture which she had stored in the basement of the duplex in Malden.Petitioner, however, further testified that she had no receipts or anything else to show for the items that were lost, nor did she furnish any evidence regarding the event or events giving rise to the casualty. Petitioner's uncorroborated testimony is wholly insufficient to support the claimed loss, and therefore the claimed deduction is denied. Issue. 5. Addition to Tax for Negligence
Respondent determined that petitioner is liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations for the 1980 taxable year.Petitioner bears the burden of proof on this issue. Bixby v. Commissioner,58 T.C. 757, 791 (1972). Petitioner nonetheless introduced no evidence to rebut *622 respondent's determination. Moreover, on her 1980 Federal income tax return, petitioner deleted the statement "Under penalties of perjury" from the paragraph immediately preceding her signature. Petitioner's deletion of this statement demonstrates an intentional disregard of rules and regulations. See Beard v. Commissioner,82 T.C. 766, 780 (1984). Consequently, the addition to tax under section 6653(a) is sustained. To reflect the foregoing and prior concessions, Decisions will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the years in question. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) IN GENERAL.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *. ↩
3. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year-- (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income * * *. ↩
4. SEC. 183. ACTIVITIES NOT ENGAGED IN FOR PROFIT. (a) GENERAL RULE.--In the case of an activity engaged in by an individual or an S corporation, if such activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section.
5. Section 164(a) provides: (a) GENERAL RULE.--Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued: (1) State and local, and foreign, real property taxes. (2) State and local personal property taxes. (3) State and local, and foreign, income, war profits, and excess profits taxes. (4) State and local general sales taxes. (5) The windfall profit tax imposed by section 4986.↩
6. The original summary sheets, not duplicates, were submitted into evidence by petitioner.
7. Section 213(a) provides: (a) ALLOWANCE OF DEDUCTION.--There shall be allowed as a deduction the following amounts, not compensated for by insurance or otherwise-- (1) the amount by which the amount of the expenses paid during the taxable year (reduced) by any amount deductible under paragraph (2)) for medical care of the taxpayer, his spouse, and dependents (as defined in section 152) exceeds 3 percent of the adjusted gross income * * *.↩
8. Section 165(a) provides: (a) GENERAL RULE.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.↩